UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRISTINE BRANHAM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-01396-NCC |
| | ) | |
| SUPERVAN SERVICE CO., INC., and | ) | |
| FREIGHTWATCHERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Substitute Plaintiff (Doc. 17). Plaintiff filed for Chapter 7 Bankruptcy on or about July 28, 2017.[1] As a result, Plaintiff Kristine Branham moves the Court to substitute Kristin J. Conwell ("Trustee"), Chapter 7 Bankruptcy Trustee, for Plaintiff (*Id.*). Defendant has not responded to the Motion, and the time for doing so has passed, so this Motion is ready for disposition. For the following reasons, Plaintiff's Motion will be **GRANTED**.

### DISCUSSION

Federal Rule of Civil Procedure 17 provides, "the [C]ourt may not dismiss an action for failure to prosecute in the name of the real party in interest until, after objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." Fed. R. Civ. P. 17(a)(3). Once a proper party is substituted, "the action proceeds as if it had been originally commended by the real party in interest." (*Id.*)

---

[1] The Court takes judicial notice of the records in Plaintiff's bankruptcy case. Federal courts "may take judicial notice of proceedings in other courts that relate directly to matters at issue." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

Because Plaintiff lacks proper standing to sue as a result of the bankruptcy filing, the Trustee is now the proper party Plaintiff. *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007) (citing *Mixon v. Anderson* (*In Re Ozark Rest. Equip. Co.*), 816 F.2d 1222, 1225 (8th Cir.1997)) ("[c]auses of action are interests in property and are therefore included in the estate; it follows that the trustee has standing . . . to assert causes of action that belonged to the debtor at the time of filing bankruptcy."); *Watkins v. Consumer Adjustment Co.*, No. 4:13-CV-2240 JAR, 2014 WL 3361771, at *2 (E.D. Mo. July 9, 2014) (alterations in original) ("It is well settled that '[a]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action.'") (quoting *Davis v. Bonewicz*, No. 4:11-CV-00356 HEA, 2011 WL 5827796, at *1 (E.D. Mo. Nov. 18, 2011)) (collecting cases).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Substitute Plaintiff (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Trustee, Kristin J. Conwell, shall be substituted as the Plaintiff in this case and that the clerk shall update the case file accordingly.

Dated this 11th day of January, 2019.

   /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE